# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2011

Lyle W. Cayce
Clerk

No. 10-50174
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JODY CHARLES THOMAS, also known as Capone,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-94-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jody Charles Thomas was convicted on multiple counts related to various drug activities, money laundering, bank fraud, identity theft, and witness retaliation. He was sentenced to a total of 504 months of imprisonment.

Thomas first argues that the evidence was insufficient to support his convictions for conspiracy to possess with intent to distribute crack cocaine and for multiple counts of maintaining a place for drug activity. He also argues that,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50174

because the evidence was insufficient, he was denied due process.  Because he sufficiently preserved this claim in the district court, we review de novo.  *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008).  We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.  *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *Percel,* 553 F.3d at 910.  However, we do "not weigh evidence or assess the credibility of witnesses." *United States v. Ramos-Cardenas,* 524 F.3d 600, 605 (5th Cir. 2008).

Thomas argues that the evidence was insufficient because it consisted of the uncorroborated testimony of various unreliable co-conspirators.  We have repeatedly held that "a defendant may be convicted based upon the uncorroborated testimony of a co-conspirator." *United States v. Rasco,* 123 F.3d 222, 229 (5th Cir. 1997).  We will uphold a verdict on this basis "even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *United States v. Bermea,* 30 F.3d 1539, 1552 (5th Cir. 1994).

Thomas does not argue that the testimony of any of the witnesses was incredible or insubstantial on its face.  *Cf. Bermea,* 30 F.3d at 1552.  Thomas's argument, that his case is different because the Government presented no other tangible evidence, is essentially an argument that the Government failed to present any corroborating evidence.  To the extent Thomas is suggesting our prior caselaw is incorrect, absent an intervening en banc or Supreme Court decision, one panel of this court may not overrule a prior panel's decision.  *See Burge v. Parish of St. Tammany,* 187 F.3d 452, 466 (5th Cir. 1999).  Thomas's challenge to the credibility of these witnesses also fails because we decline to reassess the credibility of witnesses.  *See Ramos-Cardenas,* 524 F.3d at 605.

Thomas also challenges his conviction for money laundering.  He again argues that he was denied due process because the evidence was insufficient as

No. 10-50174

it was based on the uncorroborated testimony of his alleged accomplices. Thomas also asserts that evidence showing that he made cash payments for real estate and that he made large bank deposits is insufficient to sustain his conviction in light of his other legitimate sources of income. To the extent Thomas is challenging the credibility of the Government's witnesses, for the reasons discussed above, we decline to reweigh the jury's determination that the Government's witnesses were credible. *See Ramos-Cardenas,* 524 F.3d at 605. Thomas's assertion that he had other "legitimate" income that explained the source of these funds also comes down to a credibility determination for the jury. *See id.* To the extent Thomas is arguing that he was convicted only on the uncorroborated testimony of the witnesses, this claim also fails. *See Rasco,* 123 F.3d at 229.

Thomas also was convicted on three charges related to witness intimidation. On appeal, he asserts that there was no evidence to show that these actions were done at his behest. However, the Government presented testimony that Thomas had boasted in jail that he sent his cousins to shoot at a person who he thought was an informant. During a search that same day, police also found a piece of paper marked "DEA list" with the name of the targeted witness circled. In addition, one of the perpetrators testified that he and several other men were attempting to frighten a possible witness in order to prevent him from testifying against Thomas.

Thomas has not shown that a reasonable trier of fact could not conclude that the elements of his various offenses were established beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319; *Percel*, 553 F.3d at 910. As he has not shown that the evidence was insufficient, Thomas also has not shown that his convictions violated due process. *See Jackson*, 443 U.S. at 316.

AFFIRMED.

3